IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**JONAH PAUL ANDERS v. MAYLA ANDERS**

**Appeal from the Circuit Court for Shelby County**
**No. CT-005367-14  Gina C. Higgins, Judge**

————————————————————

**No. W2016-02290-COA-R3-CV**

————————————————————

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J.W.S., KENNY ARMSTRONG, J., AND BRANDON O. GIBSON, J.

Jonah Paul Anders, Memphis, Tennessee, *pro se*.

Shayla Nicole Purifoy, Memphis, Tennessee, for the appellee, Mayla C. Anders.

**MEMORANDUM OPINION**[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable.  Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.  *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate

—————————————

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the following pleadings: 1) the "Motion for Reconsideration" filed by Appellant on November 30, 2016; and 2) the "Motion for Reconsideration" filed by Appellant on February 14, 2017.

Thus, by Order entered on March 29, 2017, the Court directed Appellant to either obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Our Order of March 29, 2017, also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order to Appellant by certified mail, return receipt requested. The return receipt indicates that Appellant received the mail parcel on March 30, 2017. As of this date, however, there is nothing before the Court indicating that Appellant obtained entry of a final judgment. Moreover, Appellant has not otherwise responded to our Order of March 29, 2017.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Jonah Paul Anders, and the surety for which execution may issue if necessary.

**PER CURIAM**